IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **DARRYL A. LYONS,** | : | Civil No. 1:21-cv-1892 |
| **Plaintiff,** | : | |
| v. | : | |
| **JOHN E. WETZEL, et al.,** | : | |
| **Defendants.** | : | Judge Sylvia H. Rambo |

### O R D E R

**AND NOW**, this 28th day of September, 2023, upon consideration of Defendants' motions to dismiss (Docs. 29, 42 and 44) Plaintiff Darryl A. Lyons' amended complaint, and after careful review of the Report and Recommendation of United States Magistrate Judge Susan Schwab (Doc. 55), and Lyons' Objections to the Report and Recommendation (Doc. 56), **IT IS HEREBY ORDERED** as follows:

1. The Report and Recommendation of Magistrate Judge Schwab (Doc. 55) is **ADOPTED**;

2. Lyons' Objections to the Report and Recommendation are **OVERRULED**;[1]

---

[1] When objections are timely filed to a magistrate judge's report and recommendation, the district court must conduct a de novo review of those portions of the report to which objections are made. 28 U.S.C. § 636(b)(1); *Brown v. Astrue*, 649 F.3d 193, 195 (3d Cir. 2011). Although the standard is de novo, the extent of review is committed to the sound discretion of the district judge, and the court may rely on the recommendations of the magistrate judge to the extent it deems proper. *Rieder v. Apfel*, 115 F. Supp. 2d 496, 499 (M.D. Pa. 2000) (citing *United States v. Raddatz*, 447 U.S. 667, 676 (1980)). For those sections of the report and recommendation to which no objection is made, the court should, as a matter of good practice, "satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." FED. R. CIV. P. 72(b), advisory

3. The motions to dismiss filed by Defendants Dr. Weber and Dr. Preston (Docs. 42, 44) are **GRANTED**;

4. The motion to dismiss filed by the DOC defendants (Doc. 29) is **GRANTED IN PART** and **DENIED IN PART** as follows:

   a. All claims against the DOC defendants are dismissed except the claims against Defendant Salamon and the vulnerability-to-suicide claim against Defendants Clark, Olson, and Curtis, ;

5. Lyons' is **GRANTED** leave to file a second amended complaint within 60 days;

6. Lyons' request for appointment of counsel is denied without prejudice to reconsideration after his filing of the second amended complaint; and

7. This case is remanded to Magistrate Judge Schwab for further proceedings.

s/Sylvia H. Rambo
Sylvia H. Rambo
United States District Judge

---

committee notes; *see also Univac. Dental Co. v. Dentsply, Intern.*, 702 F. Supp. 2d 465, 469 (M.D. Pa. 2010) (citations omitted). Regardless of whether objections are made, the district court may accept, not accept, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. 28 U.S.C. § 636(b)(1); L.R. 72.31.

Here, Lyons' objections do not actually take issue with the substance of the Report and Recommendation. (*See* Doc. 56.) The court therefore construes the objections as general objections and limits its review "to ascertaining whether there is 'clear error' or 'manifest injustice'" on the face of the record. *Boomer v. Lewis*, No. 3:06-cv-0850, 2009 WL 2900778, at *1 (M.D. Pa. Sept. 9, 2009). Finding no such error or injustice here, the court agrees with the Report and Recommendation and will adopt it in its entirety.

Finally, to the extent Lyons' objections seek appointment of counsel, the request is denied for the same reasons outlined in Magistrate Judge Schwab's orders dated October 19, 2022 and May 9, 2023 (Doc 22; Doc. 51), which make clear that denial is "without prejudice to the court re-examining this issue as this litigation progresses." (Doc. 51 p. 1.) To the extent the filing seeks leave to file a second amended complaint, the request is granted as outlined above, and Lyons may file a second amended complaint within 60 days of the date of this order.